**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| BEATTIE B. ASHMORE, IN HIS ) <br> CAPACITY AS COURT-APPOINTED ) <br> RECEIVER FOR RONNIE GENE ) <br> WILSON AND ATLANTIC BULLION & ) <br> COIN, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CURTIS AND BRENDA GILSTRAP, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 8:15-cv-03479-JMC <br><br> **ORDER AND OPINION** |

Plaintiff, Beattie B. Ashmore, serving in his court-appointed capacity as a receiver, filed this action against Defendants Curtis and Brenda Gilstrap seeking monetary damages for unjust enrichment and violation of S.C. Code Ann. § 27-23-10 (2016) resulting from Defendants' involvement in a fraudulent investment enterprise. (ECF No. 1.)

This matter is before the court on Plaintiff's Motion for Default Judgment (ECF No. 8) and Defendants' Motion to Set Aside (ECF No. 11). For the reasons set forth herein, the court **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 8) and **GRANTS** Defendants' Motion to Set Aside (ECF No. 11).

## I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff was appointed Receiver in *In Re Receiver*, 8:12-cv-02078-JMC (D.S.C. July 25, 2012). (ECF No. 1 at 1–2.) Plaintiff's receivership stems from the underlying criminal action, *United States v. Wilson*, 8:12-cr-00320-JMC (D.S.C. Apr. 4, 2012), where Ronnie Gene Wilson ("Wilson") and Atlantic Bullion & Coin, Inc. ("AB&C") perpetrated a fraudulent investment

1

scheme. (*Id.*) Certain individuals subject to the scheme profited from it, while others lost part or all of their investments. (ECF No. 1 at 3.)

Plaintiff seeks actual damages of $42,964.00, in addition to interest as allowed by law, consequential and incidental damages, and reasonable attorneys' fees. (ECF No. 1 at 7–8.) Defendants failed to timely file an Answer to Plaintiff's Complaint and the Clerk of Court properly entered default as to Defendants on October 7, 2015. (ECF No. 7.) On the same day, Plaintiff filed a Motion for Default Judgment (ECF No. 8). Plaintiff's Motion predicates its argument on Defendants "hav[ing] served no Answer, Notice of Appearance, Motion, or other pleading in this matter and [] now [being] in default." (*Id.* at 1.)

Defendants filed their Answer to Plaintiff's Complaint on October 14, 2015 (ECF No. 10), nine days after it was due, and filed a Motion to Set Aside the Clerk's Default Entry on October 16, 2015 (ECF No. 11). Defendants request that the Clerk of Court's Default Entry be removed and that Plaintiff's Motion for Default Judgment be denied because Defendant Brenda Gilstrap's extensive health problems, as well as Defendants' daughter's cancer diagnosis, prevented Defendants from meeting with their counsel until October 13, 2015. (ECF No. 11-1 at 1–2.)

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 55(b) courts exercise discretion in the entry of a default judgment against a party. *Moore v. Google, Inc.*, 2:13-cv-3034, 2014 WL 4955264, at *3 (D.S.C. Sept. 30, 2014) (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421–22 (D. Md. 2005)). The Court of Appeals for the Fourth Circuit maintains a "strong policy" to decide cases on their merits. *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Default judgment, however, is still

2

available where a party is "essentially unresponsive." *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause." The disposition of motions under Fed. R. Civ. P. 55(c), "lies largely within the discretion of the trial judge." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). "[Fed. R. Civ. P.] 55(c) is liberally construed in favor of setting aside defaults because the law prefers adjudication on the merits to default judgment." *Campodonico v. Stonebreaker*, No. 4:15-cv-3373, 2016 WL 1064490, at *2 (D.S.C. Mar. 15, 2016) (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). The Fourth Circuit has articulated six factors for courts to consider in determining whether relief from an entry of default is appropriate under Fed. R. Civ. P. 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 203–04.

### III.   ANALYSIS

This court considers whether there is good cause to set aside the entry of default in the instant action. Here, at least four of the *Payne* factors weigh in favor of setting aside the entry of default. Although Defendants failed to timely file a response to Plaintiff's Complaint, they have since filed an Answer and a Motion to Set Aside the Clerk's Default Entry. (*See* ECF Nos. 10, 11.) Both of these actions were taken within days of Defendants retaining counsel, indicating to this court that Defendants are seeking to act with reasonable promptness. Because the instant action is at an early stage in litigation, any prejudice suffered by Plaintiff in setting aside the

3

Clerk's Default Entry is outweighed by the court's preference to settle matters on their merits. There is also no evidence of a history of dilatory action by Defendants at this early stage of litigation. Indeed, Defendants timely responded in opposition to Plaintiff's Motion for Default Judgment. Finally, there are sanctions available that are less drastic than entering a default judgment against Defendants.

The remaining two factors, whether the moving party has a meritorious defense and the personal responsibility of the defaulting party, do not weigh clearly in Defendants' favor. A meritorious defense requires 'a proffer of evidence which, if believed, would permit either the court or the jury to find for the defaulting party.'" *Campodonico*, No. 4:15-cv-3373, 2016 WL 1064490, at *2 (quoting *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). Here, Defendant asserts four defenses as evidence of available meritorious defenses. (*See* ECF No. 11-1 at 3–4.) However, without more than a good faith basis for accepting the defenses asserted this court does not treat this factor as clearly weighing in Defendants' favor. Defendants readily admit that it was their own personal circumstances that prevented them from timely filing a response to Plaintiff's Complaint. (ECF No. 11-1 at 1–2.) Accordingly, Defendants' personal responsibility appears to weigh against offering them relief from the Clerk's Default Entry (ECF No. 7). However, this court also notes that Defendants' personal circumstances appear to be caused by extenuating circumstances that prevented Defendants from timely filing their Answer. (ECF No. 11-1 at 1–2.)

Because there are four factors that weigh in favor of relieving Defendants of the Clerk's Default Entry (ECF No. 7) and two factors that neither weigh clearly for nor against relief, this court finds that there is good cause to set aside the entry and allow the instant action to proceed on its merits. Based on the foregoing analysis and because the Fourth Circuit prefers

4

adjudications on the merits of a case, this court did not give further consideration to Plaintiff's Motion for Default Judgment (ECF No. 8).

## IV.    CONCLUSION

For the reasons set forth above, this court **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 8) and **GRANTS** Defendants' Motion to Set Aside (ECF No. 11).

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

July 6, 2016
Columbia, South Carolina